IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS TYRONE BROADNAX,
    Plaintiff,

vs.                                          Case No. 3:11cv354/LC/CJK

ESCAMBIA COUNTY MAIN JAIL,
    Defendant.

## **REPORT AND RECOMMENDATION**

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 11). The Court has reviewed the complaint and concludes that this case should be dismissed because plaintiff's claims for injunctive relief are moot and plaintiff's damages claims are barred by statute.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Florida Department of Corrections currently confined at Graceville Correctional Facility. (Doc. 11). Plaintiff was confined at the Escambia County Jail ("Jail") at the time he initiated this action. (Doc. 1). Plaintiff's second amended complaint names two defendants: "Escambia County Main Jail Maintenance Staff" and Anita Hemphill, Escambia County Jail Facility Commander. (Doc. 11, pp. 1, 2). Plaintiff claims the defendants deprived him of his right " to clean

and humane living conditions" and his right "to be free of insects and rodents in accordance with the Florida Model Jail Standards," when they failed to remedy a rat infestation. As a result, plaintiff alleges that he twice contracted a staph infection after coming into contact with rat feces. As relief, plaintiff seeks the following: "That I be financially compensated for all medical treatment that I received and to have the defendants stated in this claim to remedy this problem and for me to be financially compensated due to the 2 different times that physical injury occurred to staph infection from rat feces." (*Id.*, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had

"not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of plaintiff's second amended complaint as true and construing them in the light most favorable to plaintiff, it is apparent from the face of the complaint that plaintiff's claim for injunctive relief is moot. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief against head of prison); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

It is also apparent from the face of the complaint that plaintiff's damages claims are barred by 42 U.S.C. § 1997e(e). The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this

definition. Plaintiff was an inmate of the Escambia County Jail at the time he filed this action. (Doc. 1). The harm of which plaintiff complains occurred while plaintiff was in custody. (Doc. 11). Plaintiff's damages claims, which specifically request compensatory damages and cannot be liberally construed as requesting nominal damages, are based on the emotional distress plaintiff suffered as a result of the alleged inhumane conditions of confinement, and/or the fact of the conditions themselves (divorced from any mental or emotional injury they caused). Plaintiff's allegation that he contracted a staph infection, without more, is insufficient to establish that plaintiff suffered more than a *de minimis* physical injury arising from defendants' conduct. Plaintiff was twice put on notice that this allegation was insufficient, and twice afforded the opportunity to develop his allegations in this regard. (*See* Docs. 7, 9). As plaintiff's damages claims are barred as a matter of law, this suit should be dismissed. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th. Cir. 1999) ("*Harris I*") (holding that plaintiff's allegation of a forced "dry shave," without more, was insufficient to meet § 1997e(e)'s physical injury requirement) (*citing Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (dismissing Eighth Amendment cruel and unusual punishment claim because allegation of a forced shave was *de minimis*, even though the shaving caused "bleeding, inflammation, irritation, ingrowing of hairs, infection, purulence and pain))), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive

damages in the absence of the requisite physical injury).  *See also, e.g., Schneider v. Parker*, No. 6:09cv1089, 2011 WL 722759, at *4 (M.D. Fla. 2011) (concluding that plaintiff's allegations of delay in treatment of staph infection did not show more than a *de minimis* physical injury); *Coleman v. LaSalle Corr. Ctr.*, No. 1:08cv64, 2008 WL 2465989, at *3 and n. 1 (W.D. La.) (concluding that plaintiff's allegation that he contracted a staph infection, without a description of any physical injury associated with the infection, failed to allege more than a *de minimis* physical injury under 42 U.S.C. § 1997e(e)), *Report and Recommendation adopted*, No. 1:08cv64, ECF No. 9 (W.D. La. 2008).

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 9th day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:11cv354/LC/CJK*